## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWIN MILLÁN-CEPEDA,

Defendant.

CRIMINAL NO.  21-093 (ADC)

### REPORT AND RECOMMENDATION

Defendant Edwin Millán-Cepeda was charged in a two-count Indictment and he agreed to plead guilty to Count Two of the Indictment.  Count Two charged Defendant with possession of a machine gun, in violation of Title 18, United States Code, Sections 922(o), and 924(a)(2).

On August 10, 2021, Defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the Court.  For the proceeding, the Court, the prosecutor, defense counsel, the court reporter and the courtroom deputy all appeared by videoconference. Defendant appeared by videoconference from the Metropolitan Detention Center in Guaynabo, Puerto Rico. Defendant consented to appearing by videoconference, and both he and his lawyer explained they had discussed the matter. Defendant's image and voice were clear, and he could see and hear the undersigned and the lawyers clearly. Defendant waived physical appearance for the change of plea hearing and consented to appear via video conference. (Docket No. 33).[1]

---

[1] A power outage occurred during the change of plea hearing due to some testing which was being performed at MDC Guaynabo in anticipation of the tropical storm expected in the afternoon hours.  Defense counsel and Defendant consented at that time to proceed by telephone during the outage because no WIFI was available to continue by VTC. A few minutes of the hearing were conducted by telephone.  The power came back quickly, and the hearing continued by VTC.

United States of America v. Edwin Millán-Cepeda
Criminal No. 21-093 (ADC)
Report and Recommendation
Page 2

The hearing proceeded without Defendant physically present because Hon. Judge Aida Delgado-Cólon made the CARES ACT findings at Docket No. 28 as follows: "Given the exigent circumstances generated by the COVID-19 Pandemic, and while considering the related and relevant dispositions within the MDC-Guaynabo and USMs protocols and consistent with the Order issued by Chief Judge Gustavo A. Gelpi pursuant to the Cares Act (See 20-mc-088), the Court finds that the only viable mechanism in which it may currently conduct a change of plea hearing is by Video Conference. This will ensure public health and safety and afford for the proceedings to be conducted without further delay. The mechanisms herein implemented are in the best interests of justice and the parties. Therefore, the Motion for Change of Plea is referred to Magistrate Judge Camille Velez-Rive for setting of Rule 11 Hearing and submission of Report and Recommendation. Hearing shall be set in accordance to the calendar availability of the Magistrate Judge."

Defendant consented to proceed before a United States Magistrate Judge in a felony case and waived his right to trial by jury by motion which he signed and agreed upon voluntarily after examination under oath.  (Docket N0. 34).

Defendant indicated and confirmed his intention to plead guilty to Count Two of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.  Upon verifying through Defendant's statement his age, education, and any relevant aspect as to the use of medication, drugs, alcohol, or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge,

United States of America v. Edwin Millán-Cepeda
Criminal No. 21-093 (ADC)
Report and Recommendation
Page 3

a determination was made as to Defendant's competency and ability to understand the proceedings.[2]

Having further advised Defendant of the charges contained in above stated Count Two, he was examined and verified as being correct that he had consulted with his counsel, Johnny Rivera-González, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He

_____

2 Defendant indicated that he suffers from PTSD and is currently receiving mental health treatment at MDC Guaynabo. Defense counsel stated that Defendant also suffers from anxiety, depression, and periods of paranoia. The defense sought a professional opinion, and it was determined that Defendant is competent to understand the proceedings. A determination of competency was made based on Defendant's proper demeanor, coherent responses to the questions posed and the assertions of defense counsel.

United States of America v. Edwin Millán-Cepeda
Criminal No. 21-093 (ADC)
Report and Recommendation
Page 4

was also waiving the right to compel the attendance of witnesses and that subpoenas be

issued to have them appear in court to testify.  Defendant was specifically apprised of his

right to take the stand and testify, if he so decided, or not to testify, and no inference or

decision as to his guilt could be made from the fact, if he decides not to testify.  Defendant

was also explained his right not to incriminate himself; that upon such a waiver of all

above-discussed rights a judgment of guilty and his sentence were to be based on his plea

of guilty, and he would be sentenced by the judge after considering the information

contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive

acknowledgment of each and every waiver and, with the assistance of his counsel,

indicated he freely and voluntarily waived those rights and understood the consequences.

During all this colloquy, Defendant was made aware that he could freely request from this

Magistrate Judge any additional clarification, repetition, or ask questions and that he may

consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for

the offenses as to which he was pleading guilty.  The maximum statutory penalty for the

offense charged in Count Two of the Indictment is a term of imprisonment of ten (10)

years, pursuant to 18 U.S.C. §924(a)(2); a fine not to exceed two hundred and fifty

thousand dollars ($250,000.00), pursuant to 18 U.S.C. §3571(b)(3); and a supervised

release term of not more than three (3) years, pursuant to 18 U.S.C. §3583(b)(2).

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred

United States of America v. Edwin Millán-Cepeda
Criminal No. 21-093 (ADC)
Report and Recommendation
Page 5

dollars ($100.00), per count of conviction. The SMA will be deposited in the Crime Victim

Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

Having ascertained directly from Defendant that he had not been induced in any

way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had

been offered any reward or any other thing of value to get him to plead guilty, the

document entitled "Plea and Forfeiture Agreement" ("the Agreement")[3] was shown to

Defendant verifying his signature and initials on each and every page.

The above-captioned parties' estimate an agreement that appears on page three

(3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory

Sentencing Guidelines, were further elaborated and explained.  The base offense level,

pursuant to USSG §2K2.1(a)(3), is of twenty-two (22). A decrease of three (3) levels is

agreed for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1.  Therefore, the total

adjusted offense level is of 19.  This total adjusted offense level yields an imprisonment

range of thirty (30) to thirty-seven (37) months assuming a Criminal History Category of

I; thirty-three (33) to forty-one (41) months assuming a Criminal History Category of II;

thirty-seven (37) to forty-six (46) months assuming a Criminal History Category of III;

forty-six (46) to fifty-seven (57) months assuming a Criminal History Category of IV; fifty-

seven (57) to seventy-one (71) months assuming a Criminal History Category of V; sixty-

three (63) to seventy-eight (78) months assuming a Criminal History Category of VI.

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

The parties do not stipulate as to any Criminal History Category for Defendant.

As to Count Two, and after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties agree that the parties will request a sentence within the applicable guidelines for the resulting criminal history category.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. §3553- other than any explicitly provided for in the Plea Agreement- shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in the Plea Agreement will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), Defendant agrees to forfeit Defendant's rights and interest in any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: black firearm with a gold barrel, stamped with MTU 008/ UTG PRO, that had been modified so that it was capable of firing more than one shot without manual reloading, by a single function of the trigger, and 177 rounds of ammunition.

At sentencing should there be any pending counts, and should Defendant comply

with the terms the Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms, and conditions which Defendant, his attorney, and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court,

Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its contents. Defendant then indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in

United States of America v. Edwin Millán-Cepeda
Criminal No. 21-093 (ADC)
Report and Recommendation
Page 9

Count Two of the Indictment was what he had done and to which he was pleading guilty during these proceedings. Thereupon, defendant indicated that he was pleading guilty to Count Two of the Indictment in Criminal No. 21-093 (ADC).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Two of the Indictment in Criminal No. 21-093 (ADC).

IT IS SO RECOMMENDED.

The sentencing hearing is set for November 2, 2021 at 1:30 pm before Honorable Aida Delgado-Colón, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 10th day of August of 2021.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE